Mr. Robert L. Hamilton Orlando City Attorney Post Office Drawer 1151 Orlando, Florida 32802
Dear Mr. Hamilton:
You ask the following question:
Does section 166.231(9)(e), Florida Statutes (1994 Supp.), make the entire audit report confidential and exempt from disclosure under the Public Records Law?
In sum:
Section 166.231(9)(e), Florida Statutes (1994 Supp.), exempts those portions of the audit report that contain information obtained by the municipality during its review of the telecommunications service provider's records. Any other portion of the audit report not containing confidential or exempt information must be released for public inspection.
Section 166.231(9), Florida Statutes (1994 Supp.), permits the municipality to levy a public service tax on the purchase of telecommunications services as defined in section 203.012, Florida Statutes.[1] However, purchases of local telephone service or other telecommunications service for use in the conduct of a telecommunications service for hire or otherwise for resale are exempt from the tax.
Section 166.231(9)(e), Florida Statutes (1994 Supp.), authorizes a municipality to audit the records of any provider of telecommunications service taxable by the municipality. Each such provider is required to provide to the municipality, upon 60 days' notice, access to all applicable records for such telecommunications service. In the audit, the telecommunications service provider is liable only for its taxable accounts collected corresponding to the information provided to it by the municipality. Subsection (9)(e), goes on to provide that "any information received by the municipality or its agent is confidential and exempt from the provisions of section 119.07(1)." (e.s.)
An examination of the legislative history surrounding the enactment of this exemption indicates the exemption relates only to information obtained by the municipality while auditing the provider's applicable records.[2] The exemption, however, refers to "information" and, thus, would appear to apply to information contained in the audit report that was obtained from the municipality's examination of the provider's records. In addition, the exemption does not limit its application to a particular type of information obtained but rather encompasses any information obtained by the city from its review of the provider's records.
Section 119.07(2)(a), Florida Statutes (1994 Supp.), provides in part:
A person who has custody of a public record and who asserts that an exemption provided . . . in a general or special law applies to a particular public record or part of such record shall delete or excise from the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination.
Thus, the statute expressly requires the custodian of a public record containing confidential or exempt material to delete that portion of the record containing such material and to disclose the rest of the record.[3]
Section 166.231(9)(e), Florida Statutes, does not make the entire audit report confidential. Only that information which is received by the city in conducting the audit of the telecommunications service provider is confidential. Accordingly, those portions of the audit report containing information which was obtained by the city from its review of the provider's records would be exempt from the disclosure provisions of section 119.07(1), Florida Statutes (1994 Supp). Any other portions of the audit report that do not contain such information or other information made confidential or exempt by general or special law must be released for public inspection.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 203.012(5), Fla. Stat. (1993), defines "telecommunication service" to mean: (a) Local telephone service, toll telephone service, telegram or telegraph service, teletypewriter or computer exchange service, or private communication service; or (b) Cellular mobile telephone or telecommunication service; or specialized mobile radio, and pagers and paging, service, including but not limited to "beepers" and any other form of mobile and portable one-way or two-way communication; but does not include services or equipment incidental to telecommunication services enumerated in this paragraph such as maintenance of customer premises equipment, whether owned by the customer or not, or equipment sales or rental for which charges are separately stated, itemized, or described on the bill, invoice, or other tangible evidence of the provision of such service.
[2] See, Final Senate Staff Analysis and Economic Impact Statement on CS/SB 873, dated June 11, 1986, stating that municipalities which tax telecommunications service providers are authorized to audit the providers' applicable records but any information obtained by the municipality pursuant to such audit is confidential and exempt from the public records law.
[3] Section 119.07(2)(a), Fla. Stat. (1994 Supp.), further requires that a custodian contending that a record or part of a record is exempt from disclosure must state the basis for the exemption, including the statutory citation to the exemption. In addition, the custodian, upon request, must state in writing and with particularity the reasons for his or her conclusion that the record is exempt from disclosure. Cf., Op. Att'y Gen. Fla. 84-81 (1984), stating that a custodian of records containing both exempt and nonexempt material may comply with section 119.07(2)(a), Fla. Stat., by any reasonable method which maintains and does not destroy the exempted portion while allowing public inspection of the nonexempt portion.